

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/07/2008

| | | |
|---|---|---|
| In re: | § § | |
| KIMBERLY SOLLY | § § | Case No. 08-31574-H4-7 |
| *fka* | § § | CHAPTER 7 |
| KIMBERLY LEITKO | § § § | |
| Debtor. | | |

**MEMORANDUM OPINION ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION**
[Doc. No. 16]

## I. Introduction

Kimberly Solly (Debtor) voluntarily filed a Chapter 13 petition on March 7, 2008. On her Schedule C, Debtor listed a potential malpractice claim (Malpractice Claim) with a value of "unknown." The Chapter 13 trustee objected to Debtor listing the Malpractice Claim as "unknown" and further argued that 11 U.S.C. § 522(d)(5)[1] caps the amount of money Debtor is able to exempt from the Malpractice Claim at $11,200. Debtor argued that § 522 (d)(5) does not limit recovery from any subsequent lawsuit to $11,200 but, instead, limits Debtor's interest in the Malpractice Claim. To determine Debtor's interest, Debtor further argued that the Court should divide the amount Debtor has claimed exempt by the value of the Malpractice Claim as of the petition date, thereby resulting in the percentage which Debtor may exempt once the lawsuit is liquidated. The Court agrees. Consequently, Debtor is ordered to amend her Schedules to list the value of the Malpractice Claim at a specific dollar amount. In the event

---

[1] Unless otherwise noted, all section references refer to 11 U.S.C. and all references to the "Code" or the "Bankruptcy Code" refer to the United States Bankruptcy Code.

1

that an objection is filed to Debtor's value of the Malpractice Claim, this Court will set a valuation hearing.

## II. Findings of Fact

1) On March 7, 2008, Debtor filed a voluntary Chapter 13 petition. [Doc. No. 1.]

2) On March 7, 2008, Debtor also filed her Schedules. On Schedule B, she listed the Malpractice Claim as having a value of "unknown." On Schedule C, she exempted the Malpractice Claim and set forth that the value of the claimed exemption is "unknown" and that the value of this Malpractice Claim, without deducting the exemption, is "unknown." [Doc. No. 1.]

3) On May 15, 2008, the Chapter 13 trustee filed an objection to Debtor's exemption (the Objection). [Doc. No. 16.]

4) On May 19, 2008, the case was converted to Chapter 7. [Doc. No. 19.]

5) On May 21, 2008, Joseph Hill was appointed as the Chapter 7 Trustee (the Trustee). [Doc. No. 22.]

6) On June 5, 2008, Debtor filed a response in opposition to the Objection. [Doc. No. 26.]

7) On June 25, 2008, the Trustee filed a Motion to Intervene in the Objection and adopted the allegations and arguments made by the Chapter 13 trustee. [Doc. No. 29.]

8) On June 26, 2008, this Court granted the Motion to Intervene. [Doc. No. 31.]

## III. Conclusions of Law

### A. Jurisdiction and Venue

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1334(a) and (b). This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper pursuant to 28 U.S.C. § 1408.

### B. It is inconsistent with the objectives of the Bankruptcy Code to permit a debtor to exempt a lawsuit the value of which Debtor has scheduled as "unknown."

Section 522(d)(5) allows a debtor to exempt "the debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount" of the debtor's homestead exemption. In the case at bar, Debtor claims no homestead exemption and thus is able to exempt the full amount—$11,200—under § 522(d)(5). [Doc. No. 12.]

The first issue is whether Debtor may list the value of her exemption as "unknown." In *In re Forti*, the court was concerned that listing the value of an asset as "unknown" meant that the debtors may have claimed the value of their entire interest as exempt. *In re Forti*, 224 B.R. 323, 329 (Bankr. D. Md. 1998). The Court believes this is a valid concern in light of the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). In *Taylor*, the Supreme Court held that if a debtor schedules an exempt asset as having an "unknown" value, and no objection is filed, then the debtor may exempt the entire value of that asset, regardless of the ultimate amount actually generated from the liquidation of the asset. *See Taylor*, 503 U.S. at 641. This Court believes it would encourage abuse to permit a debtor, after a trustee's objection, to exempt a potentially valuable interest in its entirety simply because the debtor claimed the value as "unknown." *See Forti*, 224 B.R. at 329. Exempting the value of the entire interest would frustrate the trustee's main objective—to liquidate non-exempt property to pay allowed claims.

For these reasons, the court in *Forti* ruled that the debtors could not list the value of their assets as "unknown." *Id*. However, the debtors were granted leave to amend the value of their claim to specific dollar amounts within the statutory exemption limitations. *Id*. The court held that the asset should be valued at either (1) the entire value of the debtors' interest on the petition date; (2) zero value; or (3) the entire value of the interest on the petition date not

3

exceeding the maximum exemption. *Id.* at 328. Similarly, this Court believes that allowing Debtor to claim the value of the Malpractice Claim as "unknown" is an abuse of the system. Therefore, Debtor must amend her Schedules to set forth the value of the Malpractice Claim in a specific dollar amount.[2] The Debtor must not resort to use of the word "unknown," or words to that effect.

### C. 11 U.S.C. § 522(d)(5) limits Debtor's interest in the Malpractice Claim, not the potential recovery of the lawsuit itself.

The Trustee contends that a debtor's exemption under § 522(d)(5) is capped at the specified dollar amount of $11,200. This Court disagrees. Again, § 522(d)(5) states that a debtor may exempt "the debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount" of the debtor's homestead exemption. The key term in § 522(d)(5) is "value," which implies an amount capable of fluctuation, rather than a fixed dollar amount. *See Polis v. Gateways, Inc. (In re Polis)*, 217 F.3d 899, 902 (7th Cir. 2000). This language differs from the language in other subsections of § 522. For example, § 522(d)(11)(D) provides that a debtor may exempt any right to receive a *payment* not to exceed $20,200 from a personal injury claim. (emphasis added). Payment, as opposed to value, suggests a fixed amount, which requires no valuation.[3] *In re Villars*, No. 04-44521-H1-13, Ord. Regarding Debtor's Exemptions, at 2 (Bankr. S.D. Tex. Oct. 26, 2005). Because the term "value" is used in

---

[2] Ultimately, Debtor's amended estimate of the lawsuit's value may differ from this Court's valuation of the asset. Nevertheless, this Court's valuation will be used in calculating Debtor's interest in the lawsuit. However, Debtor must list the value of the Malpractice Claim at a specific dollar amount in order to promote the full disclosure that is necessary to protect the integrity and objectives of the bankruptcy system. *See In re Sanchez*, 372 B.R. 289, 296 (Bankr. S.D. Tex. 2007).

[3] The instant case is distinguishable from *In re Presto*, 376 B.R. 554, 576-78 (Bankr. S.D. Tex. 2007). In *Presto* this Court interpreted the statutory language "amount of interest" in § 522(p) and held that "amount" implies a distinct monetary value. The term "amount" in that case is analogous to "payment" in § 522(d)(11)(D) in that both refer to a fixed monetary amount. In contrast, "value" fluctuates, thereby requiring valuation of the asset as of the petition date.

4

§ 522(d)(5), rather than "payment," as in § 522(d)(11)(D), the Court must value the Malpractice Claim and not merely cap the monetary damages received for such claim at $11,200. *See id.*

When there is uncertainty about the money damages in a potential lawsuit, the value of the lawsuit is less than the amount of damages ultimately received. *Polis*, 217 F.3d at 903. Therefore, a lawsuit with a fifty percent chance of resulting in a $1,000 judgment would not be worth $1,000; at the most, the lawsuit would be worth $500, although risk aversion principles would likely reduce its value. *See Id.* It is the *value* of the lawsuit that contributes to a debtor's aggregate interest under § 522(d)(5)—not the ultimate recovery amount. *See id.*

Therefore, in a valuation hearing based on an evidentiary record, a court must establish the fair market value of the suit at a fixed point of time: the date the petition has filed. 11 U.S.C. § 522(a)(2); *Polis*, 217 F.3d at 902. Thus, "[t]he fact that the value of the property that the debtor seeks to exempt has changed since the filing date of the petition will not affect the amount of property that the debtor may exempt." *Tidwell v. Leskosky (In re Leskosky)*, 287 B.R. 295, 296 (Bankr. M.D. Ga. 2002) (quoting 4 Collier on Bankruptcy P. 522.03[2] (15th ed. rev. 2002)). The value is determined by estimating the value of the claim on the petition date multiplied by the percentage likelihood that the debtor will prevail in the lawsuit. *In re Villars*, No. 04-44521-H1-13, Ord. Regarding Debtor's Exemptions, at 3 (Bankr. S.D. Tex. Oct. 26, 2005). The court's value determination results in a "final allocation of the asset," and the debtor's percentage interest in the lawsuit is determined by taking the specific amount the debtor claims as exempt divided by the value of the lawsuit as of the petition date. *See id.*

Thus, hypothetically, if a court values the potential lawsuit at $100,000 and a debtor exempts up to $11,200 under § 522(d)(5), then the debtor holds an 11.2% exemptible interest in the lawsuit. This interest would entitle the debtor to exempt 11.2% of any damages recovered.

5

Therefore, in the above hypothetical, if the damages eventually awarded are $1,000,000, then the debtor would receive $112,000 (i.e., 11.2% of $1,000,000). The remaining amount ($888,000) would belong to the debtor's estate.[4] The fact that a lawsuit might actually bring in more money than the value of the lawsuit determined by the court is an unavoidable possibility; however, the claim may also bring in less or nothing at all. *In re Villars*, No. 04-44521-H1-13, Ord. Regarding Debtor's Exemptions, at 2 (Bankr. S.D. Tex. Oct. 26, 2005).

Accordingly, in the case at bar, this Court must hold a valuation hearing to determine the value of the Malpractice Claim as of the petition date. This valuation will be used as a benchmark to calculate Debtor's interest in the Malpractice Claim.[5]

### D. Burden of proof at the valuation hearing.

The party prosecuting an objection to exemption has the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Accordingly, the Trustee has the burden to prove at the valuation hearing that Debtor has improperly claimed the Malpractice Claim as exempt. As a practical matter, the Trustee must adduce testimony and/or introduce exhibits to meet his burden of proof.

For the Trustee to properly prepare for this hearing, this Court will require Debtor to amend her Schedules B and C and specifically set forth the following information: (1) the dollar value of the Malpractice Claim; and (2) the reasons upon which Debtor bases her dollar value figure. The Court wants to emphasize that it recognizes that Debtor's dollar value is, at best, an educated estimate and, at worst, rank speculation. However, even if the latter, the dollar value

---

[4] For a more in-depth mathematical analysis see Judge Marvin Isgur's order in *In re Villars*, No. 04-44521-H1-13, Ord. Regarding Debtor's Exemptions, at 2-3 (Bankr. S.D. Tex. Oct. 26, 2005).
[5] Once Debtor has amended her Schedules, if the Trustee has no objection, then there will be no need for a hearing and the Court will use Debtor's valuation of the Malpractice Claim in determining Debtor's percentage interest. In the event Trustee does object to Debtor's value of the Malpractice Claim, the Court will schedule a valuation hearing.

figure will be based upon what will presumably be reasonable grounds provided by Debtor. By way of example, because this cause of action arises out of alleged medical malpractice, Debtor could base her dollar value on the sum of lost wages and medical bills. Requiring the Debtor to provide this information satisfies the fundamental duty of disclosure.

Then, once Debtor discloses this information, if the Trustee disputes Debtor's estimated value, it will be the Trustee's burden to prove at the valuation hearing that Debtor's estimated or speculative dollar value is incorrect. Of course, Debtor will have the right to adduce testimony and introduce exhibits at this hearing as well.[6]

## IV. Conclusion

The Court finds that it is inconsistent with the intent of the Code to permit a debtor to schedule the value of an asset as "unknown." Accordingly, in the case at bar, the Debtor must amend her Schedules to set forth a specific dollar value on the Malpractice Claim. The interest in the Malpractice Claim is determined by dividing the specific amount Debtor exempts by the value of the Malpractice Claim as of the petition date—determined by a valuation hearing—with the remainder becoming part of the estate. The Court concludes that this approach is the most equitable in light of the two primary objectives of the Bankruptcy Code: payment of claims and providing the debtor with a fresh start. *In re Sanchez*, 372 B.R. at 296 (citing *In re T-H New Orleans Ltd. P'ship*, 188 B.R. 799, 807 (E.D. La. 1995), *aff'd*, 116 F.3d 790 (5th Cir. 1997)). If

---

[6] The Court is mindful that Bankruptcy Rule 3012 governs valuation hearings, but this rule governs only valuations of claims secured by liens on property in which the estate has an interest. Here, the Debtor's Malpractice Claim secures no creditor's claim. Therefore, this Court concludes that Bankruptcy Rule 3012 does not govern the valuation hearing in the case at bar. This conclusion is important because there is case law holding that, under certain circumstances, the debtor has the burden of proof at a valuation hearing governed by Bankruptcy Rule 3012. *See In re Brown*, 244 B.R. 603, 609 (Bankr. W.D. Va. 2000). In the case at bar, there is a specific rule—i.e., Rule 4003(c)—governing who has the burden of proof at a hearing on an objection to exemption, and this Court believes that this rule governs the valuation hearing in the case at bar.

the Trustee objects to the value of the Malpractice Claim which Debtor lists in her amended Schedules, it will be the Trustee's burden to prove that Debtor's estimate is incorrect.

An Order consistent with this Memorandum Opinion shall be entered on the Docket simultaneously with the entry of this Memorandum Opinion.

Signed this 7th day of August, 2008

Jeff Bohm
U.S. Bankruptcy Judge